UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MUTCHLER on behalf of the State of California, as a private attorney general,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CIRCLE K STORES, INC., a corporation; and DOES 1-50, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 20cv1239-GPC(BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT**<br><br>[Dkt. No. 12] |

Pending before the Court is Plaintiff's motion to remand the case to state court. (Dkt. No. 12.) Defendant filed an opposition and Plaintiff replied. (Dkt. Nos. 14, 17.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to remand to state court.

**Background**

On March 16, 2020, Plaintiff Stephen Mutchler ("Plaintiff") filed a representative action pursuant to the Private Attorney General Act of 2004 ("PAGA"), California Labor Code section 2698, *et seq.*, seeking statutory civil penalties for violations of Labor Code

1

section 1198,[1] and Industrial Welfare Commission ("IWC") Wage Order 7-2001 section 14, Cal. Code Regs. tit. 8 § 11070(14),[2] against his employer Defendant Circle K Stores, Inc. ("Defendant" or "Circle K") for failing to provide suitable seating. (Dkt. No. 1-2, Compl.) On July 2, 2020, Defendant removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332(a). (Dkt. No. 1, Not. of Removal.)

Plaintiff was employed by Defendant as a customer service representative ("CSR") from November 2018 to August 2019 at a store located at 10520 Camino Ruiz, San Diego, CA 92126. (Dkt. No. 1-2, Compl. ¶ 6.) He and other CSRs regularly worked behind a sales counter and his job tasks reasonably permitted sitting, and sitting would not have interfered with his job performance. (*Id.*) Plaintiff alleges that Defendant failed to provide him with a suitable seat. *(Id.)* Plaintiff brings this representative action on behalf of the State of California with respect to himself and all individuals who worked for Defendant in California and who were not provided with a seat/stool ("aggrieved employees") during the time period of December 4, 2018 until a date as determined by the Court. (*Id.* ¶ 7.)

Plaintiff filed the instant motion to remand the case to state court challenging Defendant's notice of removal arguing that Defendant has not shown that the Court has diversity jurisdiction over this case.

///

---

[1] Section 1198 of the Labor Code provides, "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Cal. Labor Code § 1198.

[2] Industrial Welfare Commission ("IWC") Wage Order 7-2001, § 14 states:
    (A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.
    (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.
Cal. Code. Regs. Tit. 8, § 11070, § 14.

## Discussion

### A. Legal Standard

To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When removal is based on diversity of citizenship, the amount in controversy must exceed $ 75,000, and the parties must be diverse. 28 U.S.C. § 1332. The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

#### 1. Citizenship of the Parties

Plaintiff contends that Defendant has not provided any evidence that the parties are diverse. Defendant responds with a declaration stating that it is incorporated in Texas and maintains its principal place of business in Tempe, Arizona. (Dkt. No. 14-2, Novak Decl. ¶¶ 2, 3.)

A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Plaintiff is a citizen and resident of California, (*see* Dkt. No. 1-2, Compl. ¶ 6), and Defendant is a citizen of Texas and Arizona. Thus, Defendant has demonstrated that the parties are diverse.

#### 2. Amount in Controversy

Plaintiff argues that the notice of removal explaining that the amount in controversy exceeds $75,000 based on the civil penalties and attorneys' fees is based on unsupported and unreasonable assumptions. Defendant answers that the amount in

controversy is satisfied because Plaintiff is the only "aggrieved" employee and with attorneys' fees the amount in controversy exceeds $75,000.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). However, once a plaintiff challenges the defendant's assertions, the defendant must prove by the preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee,* 574 U.S. at 88. "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins., Co.,* 319 F.3d 1089, 1090-91 (9th Cir. 2003). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra,* 775 F.3d at 1197. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The type of evidence the Court will consider include "the facts presented in the removal petition as well as any 'summary judgment-type evidence . . . .'" *Valdez v. Allstate, Inc.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson,* 319 F.3d at 1090). "[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart,* 574 U.S. at 88.

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability", *Arias,* 963 F.3d at 927 (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)), and reflects the maximum recovery the plaintiff could reasonably recover. *See Chavez v. JPMorgan*

*Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them").

In determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); *see also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

Where an underlying statute authorizes an award of attorneys' fees "such future attorneys' fees are at stake in the litigation and must be included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018). In addition, recently, the Ninth Circuit affirmed its ruling in *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013), and held that PAGA civil penalties, including attorney's fees, cannot be aggregated for purposes of assessing the amount in controversy. *Canela v. Costco Wholesale Corp.*, -- F.3d --, 2020 WL 4920949, at *3 (9th Cir. July 9, 2020) (amended August 21, 2020).

In this case, the complaint seeks the recovery of civil penalties under Labor Code section 1198 and an award of attorneys' fees and costs. (Dkt. No. 1-2, Compl. at p. 11.)

As to civil penalties, Defendant claims it employed Plaintiff from December 2, 2018[3] to August 23, 2019; therefore, Plaintiff was employed for 37 weeks during the PAGA Period in which he seeks to recover civil penalties. (Dkt. No. 1, Not. of Removal

---

[3] It appears the Notice of Removal has a typographical error as it states that Defendant employed Plaintiff from October 2, 2018, yet, it also states the 37 weeks of Plaintiff's employment began on December 2, 2018. (Dkt. No. 1, Not. of Removal ¶ 12.)

¶¶ 12, 13.) Because Defendant paid Plaintiff on a weekly basis, under Labor Code section 2699(f)(2), Plaintiff is seeking to recover at least $3,700 in civil penalties (37 pay periods x $100 for the initial violation) all of which may be considered towards the amount in controversy. (*Id.*)

Plaintiff responds with documentary evidence that he was paid bi-weekly, not weekly as claimed by Defendant; therefore, his civil penalties amount to about $2000. (*See* Dkt. No. 12-2, Mukherjee Decl., Ex. 1.) Because Plaintiff provides documentary evidence of his paystubs demonstrating he was paid bi-weekly, the Court relies on the civil penalty calculation of Plaintiff.

As to attorneys' fees, because PAGA provides attorney's fees for the prevailing party, *see* Cal. Lab. Code § 2699(g)(1)[4], future attorneys' fees must be included in the amount in controversy. *See Fritsch*, 899 F.3d at 794. In addition, attorneys' fees may not be aggregated in calculating the $75,000 amount in controversy. *See Canela*, 2020 WL 4920949, at *3. In *Canela*, the defendant claimed that 968 employees collectively sought $5,324,000 in civil penalties and it could be liable for $1,064,800 in attorney's fees but the Ninth Circuit held that because the plaintiff's pro-rata share of civil penalties and attorney's fees totaled $6,600 at the time of removal, the amount in controversy was not met. *Id.* at *4.

Defendant argues that based on the allegations in the complaint, it made the reasonable assumption that Plaintiff is the only "aggrieved" employee because the complaint fails to specify the number of employees he seeks to represent.[5] (Dkt. No. 14 at 5.) First, it summarily argues that the definition of "Aggrieved Employee" is an improper "fail safe" definition. "A fail-safe class is commonly defined as limiting

---

[4] Under PAGA, "[a]ny employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs." Cal. Lab. Code § 2699(g)(1).

[5] It appears that Defendant is claiming that Plaintiff is the only aggrieved employee in order to avoid the aggregation issue in *Canela*. By alleging that Plaintiff is the only aggrieved employee, the entire amount of the estimated attorneys' fee of $77,250 would be attributed to Plaintiff and exceed the amount in controversy.

membership to plaintiffs described by their theory of liability in the class definition such that the definition presupposes success on the merits." *Melgar v. CSK Auto, Inc.*, 681 Fed. App'x 605, 607 (9th Cir. 2017) (unpublished).  However, Defendant fails to explain, and the Court is unable to determine how "the class definition begged the ultimate question underlying the defendant's liability in the case", William B. Rubenstein, Newberg on Class Actions § 3:6 (5th ed. 2016).  Defendant's fail-safe argument is not persuasive.

Second, Defendant avers that it reasonably assumed Plaintiff is the only aggrieved employee because the complaint provides factual allegations relating to his own seating claim and it was not until his motion was filed that he stated there are at least 150 other employees who fall within the group he seeks to represent.  Defendant asks the Court to disregard Plaintiff's assertion because it was not alleged in the complaint.  Moreover, based on its own internal investigation, Defendant claims Plaintiff is the only aggrieved employee because it has been providing seating to employees since 2011, (*see* Dkt. No. 1-4, Braham Decl. ¶ 3; Dkt. No. 14-1, Herrera Decl. ¶¶ 2, 3).  In reply, Plaintiff argues that because the complaint references "Plaintiff and other "aggrieved employees", Defendant's assumption is incorrect.  (*Id.* ¶¶ 11-12.)  Moreover, since Defendant has a minimum of 150 Circle K locations in California, Plaintiff claims that Defendant employs no less than 150 non-exempt employees working in California.  (Dkt. No. 12-2, Mukherjee Decl. ¶ 3.)

First, contrary to Defendant's request that the Court not consider Plaintiff's declaration concerning the number of Circle K stores in California, the Supreme Court has stated that both sides may submit evidence to support their position on the amount in controversy.  *See Dart,* 574 U.S. at 88.  Therefore, the Court may consider Plaintiff's evidence.  Second, the Court must look to the allegations in the complaint to determine what amount is put in controversy.  *See Korn*, 536 F. Supp. 2d at 1205 ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").  Plaintiff brings a complaint solely based on PAGA which

7

provides that penalties may be recovered "through a civil action brought by an aggrieved employee on behalf of himself or herself *and* other current or former employees pursuant to the procedures specified in Section 2699.3." Cal. Labor Code § 2699(a) (emphasis added). A single plaintiff cannot state an individual claim for PAGA penalties. *See Machado v. M.A.T. & Sons Landscape, Inc.,* No. 2:09–cv–00459 JAM JFM, 2009 WL 2230788, at *2 (E.D. Cal. July 23, 2009) ("Defendants are correct in asserting that a PAGA claim must be brought as a representative action."). In this case, because Plaintiff brings a PAGA complaint on behalf of himself and other CSRs in California who were not provided with a seat/stool, it necessarily assumes there is more than one aggrieved employee. (*See* Dkt. No. 1-2, Compl. ¶ 7.) Defendant's assumption that Plaintiff is the only aggrieved employee is without merit.

Defendant estimates that attorneys' fees in the case amount to $77,250 and as such, exceeds the amount in controversy. This amount is based on a conservative estimate of 100 hours litigating this action and an average hourly rate of $772.50 based on rates that were approved for Plaintiff's counsel in a class action case of *Vikram v. First Student Mgmt.*, Case No. 17-cv-04656-KAW (N.D. Cal.).[6] (Dkt. No. 1, Not. of Removal ¶¶ 17-18.) Even if the Court were to find that Defendant's calculation was based on a reasonable assumption, which Plaintiff challenges, the amount in controversy would not be met. Because PAGA civil penalties and attorneys' fees are not aggregated for purposes of determining the amount in controversy, *see Canela*, 2020 WL 492094, at *3, and Plaintiff has shown that there are at least 150 Circle K stores or 150 other employees who fall within the group he seeks to represent in California, Plaintiff's pro-rata share of attorney's fees amount to $515 ($77,250/150) plus $2000 in civil penalties.[7] This amount

---

[6] Mr. Blumenthal's approved hourly rate of $795 and Mr. Norderehaug's approved hourly rate of $750 per hour divided by 2. (Dkt. No. 1, Not. of Removal 4; *id.*, Ex. 2 at 32.)
[7] The Court recognizes that the attorneys' fees may be higher if Plaintiff brings this action on behalf of 150 employees but Defendant has not demonstrated how much higher attorneys' fees would be.

cannot support the jurisdictional threshold of $75,000. Because Defendant has not met its burden,[8] the Court GRANTS Plaintiff's motion to remand.

### Conclusion

Based on the above, the Court GRANTS Plaintiff's motion to remand the case to state court. The hearing set on September 18, 2020 shall be **vacated**.

IT IS SO ORDERED.

Dated: September 14, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

[8] In opposition, Defendant provides evidence that according to its internal investigation, it has never received any complaints about a failure to provide seats to California employees and nobody else falls within the definition of an "aggrieved employee" because Circle K has been providing adequate seats since 2011. (Dkt. No. 14-1, Herrera Decl. ¶¶ 2, 3.) However, at this stage, the Court declines to consider the merits of Defendant's liability under the Labor Code. Moreover, in a motion to remand, the Court looks at the maximum recover the plaintiff could reasonably cover which is based on the allegations in the complaint and what amount is put in controversy. *See Arias* 936 F.3d at 927. Thus, the Court declines to consider Defendant's evidence.